917 F.2d 564
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald L. SMITH, Defendant-Appellant.
 No. 90-5705.
 United States Court of Appeals, Sixth Circuit.
 Nov. 1, 1990.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 After entry of a conditional plea of guilty, Ronald L. Smith was convicted of possessing fifty-eight United States Department of Agriculture food coupon books in violation of 18 U.S.C. Sec. 1708 and of transferring, acquiring, and possessing the coupon books in a manner not authorized by 7 U.S.C. Sec. 2024(b). In a hearing prior to his conviction, Mr. Smith argued that the coupon books--which were found in the trunk of his car after his arrest--ought to be suppressed because the police lacked probable cause for the arrest. Finding that probable cause existed, the district court declined to suppress the evidence. Mr. Smith has appealed. Because we agree that the police had probable cause for the arrest, we shall affirm the conviction.
 
 
 2
 * On April 19, 1989, the Memphis police received an anonymous call at a telephone number publicized in a Crime Stoppers program. The caller said that a woman told him that a black male wearing a blue button-down shirt and brown pants was selling stolen food stamps from a blue Cadillac parked outside Gandy's Beauty Salon. The caller also told the Crime Stoppers operator the license number of the car.
 
 
 3
 The Memphis police dispatcher broadcast this information, and four officers responded. At the beauty salon they observed a blue Cadillac bearing the license number specified by the caller. A book of food stamps was observed inside the car between the passenger-side sun visor and the windshield. The police called for a vehicle registration check on the car and learned that the car was registered to Ronald L. Smith.
 
 
 4
 After receiving this information, the officers went inside the beauty salon and asked if a Ronald Smith were present. The appellant, a black man, stood up and identified himself as Ronald Smith. Mr. Smith was wearing the blue button-down shirt and brown pants mentioned by the caller.
 
 
 5
 The police told Mr. Smith that they had received a report of someone selling food stamps and asked him if he knew anything about it. Mr. Smith said he did not. The officers then asked him for some identification. He removed his identification from a pocket, and as he did so he pulled out a "large wad" of money. Mr. Smith appeared very nervous and was shaking and stuttering.
 
 
 6
 The officers took Mr. Smith outside and asked him again if he knew anything about the food stamps. Once again he said no. When the officers showed him the food stamps behind the sun visor, Mr. Smith responded, "Well if there's some in there, I don't know nothing about it." At this point the officers made the arrest. An inventory search of the car's trunk subsequently revealed a bag filled with books of food stamps.
 
 II
 
 7
 Mr. Smith argues that the police lacked probable cause to arrest him because (1) the tip they received was anonymous, and (2) the details provided by the caller were observable by anyone and thus could not establish the tip's reliability. Mr. Smith bases his argument on Illinois v. Gates, 462 U.S. 213 (1983), where the Supreme Court held that "the totality of the circumstances" determines whether or not there is probable cause for the issuance of a search warrant. Id. at 230. Factors to be taken into account include an informant's veracity, reliability, and basis of knowledge. Id. The Court also noted that a "detailed description" and independent corroboration of an informant's tip can suffice. Id. at 234, 241-242.
 
 
 8
 This circuit has held that probable cause exists when the police have sufficient facts to justify a reasonable and prudent person in believing that a suspect has committed or is committing a criminal offense. United States v. Steele, 727 F.2d 580, 588 (6th Cir.), cert. denied, 467 U.S. 1209 (1984). We agree with Mr. Smith that Gates' totality of the circumstances approach is the one we must follow, but it seems to us that the totality of circumstances supports the district court's finding of probable cause.
 
 
 9
 The detailed nature of the informant's information is a significant factor. The informant not only described Mr. Smith's attire down to the buttons on his collar, but also gave the license number of the blue Cadillac from which the food stamps were being sold and the name of the beauty salon where the Cadillac was parked.
 
 
 10
 Everything checked. The police investigation confirmed that a man fitting the description that had been given was at the beauty salon named by the informant. The investigation confirmed that a blue Cadillac with the license number supplied by the informant was parked outside the salon. The Cadillac proved to belong to the suspect. And, most important of all, food stamps could actually be seen through the windshield of the car.
 
 
 11
 The fact that the everything the informant had told the police was corroborated by an independent investigation gives credibility to the informant's assertion that Mr. Smith was selling food stamps. As the Supreme Court stated in United States v. Draper, 358 U.S. 307 (1959), "with every other bit of the informant's information being thus personally verified," the police had probable cause "to believe that the remaining unverified bit of ... information--that [the defendant] would have the heroin with him--was likewise true." Id. at 313. The immediately verifiable information provided by the informant in the case at bar was garden-variety material, to be sure, but that was no less true of the corresponding information in Draper.
 
 
 12
 All of the circumstances in this case, including the detailed nature of the informant's information, the independent police corroboration of everything the informant said, the facts disclosed by the independent police investigation, and Mr. Smith's nervous behavior under questioning and his possession of the large wad of bills, support the district court's ruling that the police had probable cause to make the arrest.
 
 
 13
 AFFIRMED.